UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
GREGORY KING,

                        Plaintiff,

                                          **ORDER**
       -against-                         17 CV 7507 (ARR) (CLP)

CESAR ORTIZ, *et al.*,

                        Defendants.
----------------------------------------------------------------- X

**POLLAK**, United States Magistrate Judge:

On May 24, 2017, plaintiff initiated this suit against defendants Cesar Ortiz, Campbell Auto Express, and Anthony Browne (collectively, "defendants"), seeking damages stemming from an automobile accident which took place on May 21, 2015 between a vehicle in which plaintiff was a passenger and a truck driven by defendant Cesar Ortiz, an employee of defendant Campbell Auto Express ("the accident"). (Compl. ¶¶ 37-39).[1] Plaintiff alleges that the accident "was caused wholly and solely by reason of the negligence of the Defendants" and that "Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle . . . ." (Id. ¶¶ 34-35).

On October 16, 2018, plaintiff served a "Demand for Discovery and Inspection" which defendants assert "contains 154 requests." (Defs.' 10/29/18 Ltr at 1).[2] Defendants object to plaintiff's demands arguing that "these purported demands are highly improper and objectionable on multiple bases." (Id.) Defendants also argue that the deposition of defendant Cesar Ortiz was held on May 31, 2018, and that plaintiff served additional demands five months

---

[1] Citations to "Compl." refer to plaintiff's Complaint, dated May 24, 2017, ECF No. 1.
[2] Citations to "Defs.' 10/29/18 Ltr" refer to defendants' letter, filed October 29, 2018, ECF No. 14.

later "without any explanation as to why demands were not served in a timely manner." (Id.) Defendants claim that "[n]one of the requests in plaintiff's demands stem from information gleaned at Mr. Ortiz's deposition." (Id. at 2). Defendants also argue that the demands "are in violation of FRCP 33 as in essence, they are Interrogatories and Federal Rule 33 allows only 25 written interrogatories." (Id. at 1). Defendants also claim that "fact discovery is over" and that the parties are "in the process of trying to schedule expert discovery." (Id.) Defendants further object to plaintiff's Demand for Discovery and Inspection on the grounds that the requests "are patently improper, baseless, repetitive and plaintiff has established no foundation for entitlement to any of the requested items, nor has plaintiff's counsel as much as established that any of the as [sic] requested items are in existence." (Id. at 2). Defendants' counsel also argues that many of the documents and photographs requested have already been exchanged. (Id.)

Plaintiff responds that the requests in the October 16, 2018 Demand for Discovery and Inspection are not interrogatories but are in fact post-deposition discovery demands. Plaintiff claims that the requests relate "to items which defendants are legally mandated to keep pursuant to the Federal Motor Carrier Safety Act." (Pl.'s 11/2/18 Ltr).[3] Plaintiff claims that he "is not asking defendant to answer any question or submit any response to an interrogatory. Instead this is a discovery demand for the production of documents mandated by federal law under FRCP 26 and FRCP 34." (Id.) Plaintiff also claims that "pre-trial disclosure is still ongoing" and that defendants themselves filed a Supplemental Notice for Production of Documents following

---

[3] Citations to "Pl.'s 11/2/18 Ltr" refer to plaintiff's letter, filed November 2, 2018, ECF No. 16.

2

plaintiff's request.[4] (Id. at 2). Plaintiff also states that defendant need not provide additional copies of documents which had previously been disclosed.

DISCUSSION

The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery. See Fed. R. Civ. P. 26(b). Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" Forsythe v. Midland Funding LLC, No. 18 CV 3276, 2019 WL 245459, at *2 (E.D.N.Y. Jan. 17, 2019) (citing Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010)). Rule 26(b)(1) requires the court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Materials "need not be admissible in evidence to be discoverable." Id.

Plaintiff has filed 84 requests, seeking documents from defendants including accident reports prepared by defendants, defendant Ortiz's employment file and annual reviews, safety ratings issued to defendants by any state or federal government agency, policy and procedures manuals maintained by defendant at the date of the accident, and "e-mails, electronic messages, letters, memos, or other documents concerning this accident." (Defs.' 10/29/18 Ltr, Ex. A).

---

[4] While plaintiff claims that defendants served "a Supplemental Notice for Production of Documents on October 19, 2019!" the Court assumes that this is a typographical error and that defendants served their Notice on October 19, 2018. (See Pl.'s 11/2/18 Ltr at 2).

3

The Court has reviewed plaintiff's requests and finds that, given the extremely low threshold for relevance under Rule 26, the majority of the documents requested could potentially lead to the discovery of admissible evidence. Documents in defendant Ortiz's personnel file and photographs taken by defendants of the defendants' truck may lead to the discovery of admissible evidence in this matter.

However, it is unclear why certain of the other document requests, such as those relating to receipts and computer data from the truck in question as much as six months prior to and after the accident, would provide admissible evidence as to the accident on May 21, 2015. Plaintiff has not provided a sufficient explanation to justify production of these documents. The Court further finds that many of the requests are overbroad and disproportionate to the needs of the case. (See, e.g., Request No. 62 (seeking "any and all payroll and benefit records for truck driver for five years prior to the collision to one year after"); Request No. 63 (seeking "any and all cancelled checks of any kind paid to truck driver for 12 months prior and 6 months after the collision"). Plaintiff has failed to provide any explanation as to why many of these requests are relevant or proportional to the needs of the case. Accordingly, plaintiff's Requests Numbers 6, 7, 10, 24, 33, 36, 38, 44, 45, 50, 55, 59, 62, 63, 65, 66, 67, 69, 71, 72, 73, and 74 are denied. Defendants are directed to provide documents responsive to Requests Numbers 12 and 68, but the Court limits their responses to only documents from the date of the accident, May 21, 2015.

The Court therefore Orders defendants to respond to the document requests by May 15, 2019. If there are specific requests which refer to documents that defendants have already provided, defendants may so state in response. If there are specific requests which refer to documents that do not exist, defendants may respond that such documents do not exist.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
May 2, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York